IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| USA,<br><br>      Plaintiff,<br>v.<br><br>XLEAR et al.,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-640 RJS DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 16.) Pending before the court is Defendants' Motion to Consolidate Cases. Defendants move to consolidate case no. 2:22-mc-391 RJS DBP with the current matter. The '391 case seeks to compel compliance with subpoenas Defendants issued to the Federal Trade Commission (FTC), Centers for Disease Control and Prevention (CDC), and National Institutes of Health (NIH). The subpoenas seek production of documents related to the instant matter. On June 3, 2022, the United States District Court for the District of Columbia transferred the Motion to Compel Compliance with Subpoena to this Court for consideration.

A decision to consolidate cases is within the court's discretion. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1229 (10th Cir. 1999); *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1334 (10th Cir. 1988). Federal Rule of Civil Procedure 42, which governs consolidation, provides "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). In addition, the court's local rules provide

> When actions involving a common question of law or fact or arising from the same transaction or occurrence are pending before the court in one or more judicial districts, the court may, on motion of any party or on the court's own

initiative: order that the actions are consolidated in whole or in part for any purpose ….

(1) In determining whether to order consolidation and the appropriate location for the consolidated proceedings, the court may consider, among other factors: the complexity of the actions; the importance of any common question of fact or law to the determination of the actions; the risk of duplicative or inconsistent rulings, orders, or judgments; the relative procedural postures of the actions; the risk that consolidation may unreasonably delay the progress, increase the expense, or complicate the processing of any action; prejudice to any party that far outweighs the overall benefits of consolidation; the convenience of the parties, witnesses, and counsel; and the efficient utilization of judicial resources and the facilities and personnel of the court.

DUCivR 42.

Here, no opposition to the motion to consolidate has been filed. Moreover, a review of the cases indicates there are common questions of law and fact, both matters are in their relative infancy, costs will not increase by consolidating the matters and both the resources of the parties and court are better served by consolidation.

Accordingly, Defendants' Motion to Consolidate is GRANTED.[1]

IT IS SO ORDERED.

DATED this 13 July 2022.

_____
Dustin B. Pead
United States Magistrate Judge

---

[1] "If the court orders consolidation, a new case number will be used for all subsequent filings in the consolidated case." DUCivR 42. The parties are directed to use the proper case number for all future filings.